UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case No. 0:23-cv-61827-RS

HAMMER INTERNATIONAL FOUNDATION,
a foreign not for profit corporation,

 Plaintiff and Counterclaim Defendant,

v.

MORGAN STANLEY SMITH BARNEY LLC
a foreign limited liability company,

 Defendant and Counterclaim
 and Cross-Claim Plaintiff,

v.

THE ARMAND HAMMER FOUNDATION, INC.,

 Intervenor and Cross-Claim
  Defendant.

_____/

**MORGAN STANLEY SMITH BARNEY LLC'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF
AND COUNTERCLAIM DEFENDANT HAMMER INTERNATIONAL
FOUNDATION'S MOTION TO DISMISS INTERPLEADER COUNTERCLAIM**

 Defendant and Counterclaim and Cross-Claim Plaintiff Morgan Stanley Smith Barney LLC ("Morgan Stanley"), by its undersigned counsel, submits this memorandum of law in opposition to the motion of Plaintiff and Counterclaim-Defendant Hammer International Foundation ("HIF") for an order dismissing Morgan Stanley's Interpleader Counterclaim (the "Motion to Dismiss").

## I.     Introduction

On September 22, 2023, Morgan Stanley removed this case from the Circuit Court in and for the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court") (Case No. CACE 22-017682 (21) (Dkt. No. 1) (the "State Court Action").  At the time of removal, HIF's Motion to Dismiss Morgan Stanley's interpleader counterclaim, filed on July 27, 2023, was pending in the State Court.  (*Id.*, Exh. B-64.)[1]  That motion was based on the specious grounds that Morgan Stanley is not exposed to double or multiple liability in this matter.  The three-page motion, which was submitted in lieu of an answer, is a half-hearted attempt to relitigate arguments that were already decided against HIF by the State Court when it granted Morgan Stanley leave to file its interpleader pleading over HIF's objection.  Accordingly, and for the reasons described below, HIF's Motion to Dismiss should be denied in its entirety.

## II.    Procedural Background and Relevant Facts

HIF commenced this action in the State Court on December 2, 2022 against then Defendant Viktor Hammer (whom HIF subsequently dropped from the action ) and Morgan Stanley.  This case concerns a dispute between HIF and Intervenor and Cross-Claim Defendant The Armand Hammer Foundation, Inc. ("AHF") over which party controls two brokerage accounts held at Morgan Stanley, one in the name of HIF (the "HIF Account") and the other in the name of AHF (the "AHF Account").

---

[1] Morgan Stanley files this Opposition to the Motion to Dismiss in accordance with S.D. Fla. Local Rule 7.2, titled "Motions Pending on Removal or Transfer to this Court," provides in pertinent part:

> If there is a motion pending upon transfer or removal for which the moving party . . . filed a memorandum in support of the motion prior to removal but any party opposing the motion has not yet filed a memorandum in opposition, any party opposing the motion shall file and serve such memorandum within fourteen (14) days after the filing of the notice of removal or the entry of the order of transfer.

Morgan Stanley has received conflicting claims from HIF and AHF regarding control of the assets in the two accounts and finds itself caught in the middle. Although Morgan Stanley is merely a disinterested stakeholder in this case with no interest in the accounts, HIF sued Morgan Stanley and, in its Amended Complaint (*Id.*, Exhs. B 25 and 42), alleges that Morgan Stanley has wrongfully refused to follow its instructions regarding the two Accounts.

Because HIF did not name AHF as a party when it commenced the State Court Action – and the dispute in this case is actually between HIF and AHF[2] – on or about April 25, 2023, Morgan Stanley moved for leave in the State Court Action to file an interpleader complaint naming HIF as a Counterclaim Defendant and AHF as a Cross-Claim Defendant. (*Id.*, Exh. B-35.) Morgan Stanley did this so that it could (1) avoid inconsistent claims against it and/or exposure for multiple liability, and (2) obtain the Court's direction as to how to distribute the assets in the two accounts. A few days earlier, on April 21, 2023, AHF moved in the State Court Action for leave to intervene in order to protect what it believes to be its rights with respect to the two accounts. (*Id.*, Exh. B-29.)

Over HIF's strenuous opposition both in writing and at oral argument, State Court Judge Michele Towbin Singer granted both motions. In addressing Morgan Stanley's motion, Judge Singer recognized that Morgan Stanley was "in the middle of it," stating the following at oral argument:

> At the same time, there seems to be a legitimate dispute about who should control those HIF funds because AHF is arguing that the current board of HIF is not proper and that they really shouldn't be controlling HIF funds. ***So Morgan Stanley is in the middle of it. So I'm going to let them interplead.***

---

[2] In fact, this action is one of multiple lawsuits pending between those parties in Florida, California and the Cayman Islands (where HIF was formed and is incorporated).

3

Transcript of June 2, 2023 oral argument in State Court Action at 37:12-19 (emphasis added). A copy of the Transcript is annexed hereto as **Exhibit A.** By Order dated June 15, 2023 (Dkt. No. 1, Exh. B-55), the State Court granted Morgan Stanley leave to file an interpleader complaint, and Morgan Stanley did so on July 27, 2023.[3]

**The Interpleader Complaint**

Morgan Stanley asserts the following in its Interpleader Complaint, which explains how – to quote Judge Towbin Singer – the firm is "in the middle of it" and has no choice but to hold onto the assets in the two accounts while a court decides whether HIF or AHF has the legal right to those assets:

- During his lifetime, Michael Armand Hammer was the Chairman and President of HIF and, along with Mark Louis Alfano, was designated in HIF's written agreement with Morgan Stanley as an "Authorized Person" to provide instructions to Morgan Stanley with respect to HIF accounts at Morgan Stanley. (Interpleader Complaint, Dkt. No. 1, Exh. B-57 at ¶¶ 6 and 12.)

- On or about November 2, 2022, David Banker, Esq. sent a letter to Morgan Stanley stating that he and another attorney, Randall K. Barton, Esq., represented HIF and that HIF wanted to transfer its Morgan Stanley accounts, including the HIF Account, to Wells Fargo. Although a number of individuals were copied on this letter, Michael Armand Hammer was not. (*Id.*, at ¶ 7.)

- It was Morgan Stanley's understanding that Michael Armand Hammer was in declining health at the time, and concerns were being raised to Morgan Stanley that the individuals purporting to act on behalf of HIF had not been validly authorized by Mr. Hammer to do so. (*Id.*, at ¶ 8.)

- Specifically, on November 10, 2022, a partner of Ogier Global Cayman Limited ("Ogier Global") sent an email to the Board members of AHF with the subject "Hammer International Foundation." The email was sent to AHF Board members because, as stated in the email, Ogier Global maintained the registered office for HIF, of which AHF "is the sole member." The email further stated: "We have recently received requests from others purporting to act on behalf of Mr. Hammer and/or the Hammer International Foundation that would require changes to be

---

[3] The interpleader complaint is a part of Morgan Stanley's Answer to the Amended Complaint. The pleading is titled "Answer of Defendant Morgan Stanley Smith Barney LLC to the Amended Complaint and Interpleader Counterclaim and Cross-Claim." *See* Dkt. No. 1, Exh. B-57. For ease of reference, a copy is annexed hereto as **Exhibit B.**

4

made to the corporate registers of HIF. There is some concern on our part that certain purported changes may not have been duly authorized, given Mr. Hammer's health situation." The email sought clarity as to who is authorized to give instructions on behalf of HIF. (*Id.,* at ¶ 9.)

- When Mr. Banker sent the November 8, 2022 letter stating that HIF wanted to transfer the HIF accounts, including the HIF Account, he was not designated as an Authorized Person with authority to give instructions with respect to those accounts. Under all of these circumstances, Morgan Stanley had concerns about who was properly authorized to act on behalf of HIF. (*Id.,* at ¶¶ 11-12.)

- Morgan Stanley's agreement with HIF provides that if Morgan Stanley "reasonably believes instructions from one Authorized Person *might* conflict with the wishes of another Authorized Person, Morgan Stanley may . . . suspend all activity in the account until written instructions signed by all Authorized Persons are received . . . or take other action deemed necessary to protect the interests of" Morgan Stanley. (*Id.,* at ¶ 12) (emphasis added).

- Michael Armand Hammer died on November 20, 2022 and on or about November 25, 2022, the Board of AHF (which is the sole member of HIF) appointed Viktor Hammer (Michael's son) the sole member of the Board of Directors of HIF. (*Id.,* at ¶¶ 13-14.)

- Thereafter, AHF advised Morgan Stanley, through its counsel, that Viktor Hammer had been selected to be the sole member of the Board of Directors of HIF and, accordingly, the individual authorized to give instructions with respect to the HIF accounts, including the HIF Account. (*Id.,* at ¶ 15.)

- On November 30, 2022, Morgan Stanley's counsel wrote a letter to Mr. Banker regarding his requested transfer of the HIF accounts, including the HIF Account. Morgan Stanley requested any documentary evidence showing that he, Mr. Barton and/or their clients were currently authorized to give instructions with respect to the HIF accounts. But rather than responding to the November 30, 2022 letter, on December 2, 2022, HIF filed the State Court Action. (*Id.,* at ¶¶ 16-17.)

- In its Amended Complaint filed on April 10, 2023, in addition to seeking transfer of the HIF Account, HIF also claimed the rights to the AHF Account. AHF continues to claim the right to control the HIF Account and has directed Morgan Stanley through counsel, not to transfer it. (*Id.,* at ¶¶ 18-19.)

- AHF also asserts that it controls and has all rights to the assets held in the AHF account. (*Id.,* at ¶ 20.)

Based on these facts, it is easy to see why Morgan Stanley is, as Judge Towbin Singer found, "in the middle of it." Consistent with its contractual rights, Morgan Stanley has continued

5

to hold, and not disburse or transfer, the assets in the two accounts, and has advised counsel for AHF and HIF that it will do so only upon an order by a court with valid jurisdiction and/or the receipt of joint written instructions from the parties.

### III. Argument

Fla. R. Civ. P. 1.240, like Fed. R. Civ. P. 22, permits interpleader when a defendant is or may be exposed to double or multiple liability. With both HIF and HIF claiming control over the HIF and AHF Accounts and each giving conflicting instructions to Morgan Stanley, that is exactly the state of play here. This Court should deny the Motion to Dismiss and find – as Judge Towbin Singer did in the State Court Action – that Morgan Stanley has properly asserted an interpleader counterclaim against HIF. "An 'interpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit.'" *Metropolitan Life Ins. Co. v. Bell*, No. 14-cv-473-ORL-22TBS, 2015 WL 926040, at *3 (M.D. Fla. Mar. 4, 2015), *quoting Fid. Brokerage Servs., LLC v. Bank of China,* 192 F. Supp.2d 173, 177 (S.D.N.Y. 2002) Indeed, federal courts permit interpleader claims in exactly these circumstances. *See. e.g., Fid. Brokerage Servs., LLC,* at 178 (granting motion to bring interpleader action where brokerage firm faced real and reasonable fear of double liability or vexatious, conflicting claims, and all parties besieged the firm with correspondence demanding its compliance with their conflicting claims).[4]

---

[4] Moreover, in deciding whether interpleader is permitted, "a court need not analyze the merits of the claims because '[t]he stakeholder should not be obliged at its peril to determine which of two claimants has the better claim.'" *Alan L. Frank Law Assocs. P.C. v. OOO RM Invest,* No. 16-cv-22484, 2016 WL 9383606, at *6 (S.D. Fla. Dec. 1, 2016), *quoting Metro Life Ins. Co. v. Bell, supra.*, *report and recommendation adopted*, 2016 WL 9383575 (S.D. Fla. Dec. 19, 2016).

HIF erroneously argues in its Motion to Dismiss that Morgan Stanley is not exposed to double or multiple liability.  With respect to HIF's claim for injunctive relief concerning the *HIF* Account, (seeking an order directing Morgan Stanley to transfer the assets in the HIF Account per HIF's instructions), HIF misleadingly claims – based on an *incomplete* quote from AHF's Answer to Counterclaim and Cross-Claim for Interpleader Relief ("AHF's Answer") (Dkt. No. 1, Exh. B-63) – there is no chance of double or multiple liability for Morgan Stanley because, according to HIF, AHF has admitted in that pleading that it has no right to the assets in the HIF Account.  HIF references paragraph 24 of AHF's Answer, which states *in part* that "AHF denies that it claims the rights to control and receive the assets in the [HIF] Account."  (HIF Motion to Dismiss, Dkt. No. 1, Exh. B-64, at 3.)   Based on this incomplete quote, HIF argues that inasmuch as AHF admits it has no right to control the assets in the HIF Account, there is no dispute or controversy here regarding the assets in the HIF Account and, accordingly, no chance Morgan Stanley will face double or multiple liability if it simply transfers the assets in that account per HIF's instructions.  This argument is specious.

First, it is disingenuous of HIF to represent to the Court that the first sentence of paragraph 24 of AHF's Answer is an admission by AHF that it has no right to the assets in the HIF Account.  HIF places before the Court an incomplete quote from AHF's Answer.  It deliberately omits the balance of paragraph 24, where AHF explains that the issue is not whether HIF should have control of the assets in the HIF Account *but who has the authority to act on behalf of HIF*.  As AHF makes clear in paragraph 24 of its Answer, it opposes the transfer of the assets in the accounts based on instructions given by the individuals who purport to be authorized to act on behalf of HIF because AHF contends those individuals are not authorized to act on behalf of HIF and only AHF is so authorized:

7

> AHF denies that it claims the rights to control and receive the assets in the [HIF] Account.  ***AHF is the sole member of HIF, which has the rights to control the assets in the [HIF] Account. Those purporting to act on HIF's behalf – including Rex Alexander, Misty Hammer, Mark Alfano, and Jeff Katofsky (HIF's counsel of record in these proceedings) who purport to bring this lawsuit – do not have the authority to act on behalf of HIF and did not have authority [to] file this lawsuit or to request a transfer of the [HIF] Account.***

AHF's Answer, Dkt. No. 1, Exh. B-63, at ¶ 24 (emphasis added).

Individuals purporting to act on behalf of HIF filed this lawsuit and have given Morgan Stanley instructions to transfer the assets in the HIF Account, and AHF, which purports to control HIF, has given Morgan Stanley instructions not to.  There are thus conflicting instructions and multiple claims to the account, and absent the interpleader of AHF into this action, Morgan Stanley could find itself (1) exposed to a claim by HIF for damages in this action, and (2) exposed to a claim by AHF for failing to distribute the assets in the HIF Account in accordance with AHF's instructions.  The Court should not be misled by HIF's misrepresentations *based on an incomplete quote* that there is not actually any controversy between HIF and AHF regarding the HIF Account.  To the contrary, there are competing claims to the account exposing Morgan Stanley to double or multiple liability.  The State Court thus properly granted Morgan Stanley's motion for leave to file the interpleader pleading, and there is no basis to dismiss that pleading.

With respect to its claim concerning the *AHF* Account, HIF erroneously claims that there is no chance of double or multiple liability because it does not seek the *transfer* of any of the assets in the AHF Account; it merely seeks damages for Morgan Stanley's refusal to transfer those assets to HIF.  (HIF Motion to Dismiss, Dkt. No. 1, Exh. B-64, at 3.)  The argument is likewise specious.

The alleged basis of HIF's damages claim is Morgan Stanley's refusal to transfer the assets in the AHF Account per HIF's instructions, and it is precisely that refusal that exposes Morgan Stanley to double or multiple liability.  Absent the interpleader of AHF into this action, Morgan Stanley could find itself (1) exposed to a claim by HIF for damages in this action, and (2) exposed to a conflicting claim by AHF for failing to distribute the assets in the AHF Account per AHF's instructions.  That HIF seeks damages and not injunctive relief directing transfer of the assets in the AHF Account is irrelevant to the inconsistent claims and double liability to which Morgan Stanley is exposed.

## IV.     Conclusion

Morgan Stanley is a mere stakeholder in this case, and it faces inconsistent claims and potential multiple liability concerning two brokerage accounts.  Morgan Stanley has already been granted leave to file its interpleader pleading in the State Court, which rejected the same arguments HIF is advancing now.  HIF's Motion to Dismiss should be denied in its entirety.

Dated: Washington, D.C.
October 6, 2023

DAVIS WRIGHT TREMAINE LLP

By:   /s/Matthew R. Tuchman_____
Matthew R. Tuchman
Florida Bar No.: 109297

1301 K Street NW  Suite 500 East
Washington, D.C.  20005
202.973.4220
matthewtuchman@dwt.com

Theodore R. Snyder (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10036
212.880.3976
tedsnyder@dwt.com

Attorneys for Defendant and Counterclaim and Cross-Claim Plaintiff Morgan Stanley Smith Barney LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October 2023, a true and correct copy of the foregoing has been served upon all known counsel of record through the court's CM/ECF system.

/s/Matthew R. Tuchman
Matthew R. Tuchman
Florida Bar No.: 109297